UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
APPEAL NO. 20-14253-GG



---

JOSE ELIAS SEPULVEDA,
Appellant,

v.

UNITED STATES OF AMERICA,
Appellee.

---

APPELLANT BRIEF

---

COVER PAGE

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
APPEAL NO. 20-14253-GG

JOSE ELIAS SEPULVEDA,
Appellant,

V.

UNITED STATES OF AMERICA,
Appellee.

APPELLANT BRIEF

Prepared By:

David James Pearson-El
Pro Se Litigant
Register No. 05169-104
Federal Correctional Complex
Coleman-Medium
Post Office Box 1032
Coleman, Florida 33521-1032

[Title]

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

Case No. 20-14253-GG

v.

JOSE ELIAS SEPULVEDA,

      Defendant-Appellant.
_____/

## APPELLANT'S CERTIFICATE OF INTERESTED PERSONS

Comes now, Jose Elias Sepulveda, Pro Se, in accordance with theUnited States Court of Appeals of the Eleventh Circuit .(Rev. 12/01/20), 11th Cir. R. 28-1(b) and 11th Cir. R. 261-1, and files its Certificate of Interested Persons:

Butler, Leah Ann, Assistant United States Attorney

Canova, Christopher P., Assitant United States Attorney

Davies, Robert G., Assistant United States Attorney

Deyo, Josephine Holland, Former Assistant Federal Public Defender

Halscott, Jaime Torres, Former Counsel to Defendant-Appellant Pro Se

Hankinson, James Charles, Former Assistant United States Attorney

Hess, Nancy J., Assistant United States Attorney

Jones, Gary R., United States Magistrate Judge

Keefe, Lawrence, United States Attorney

Kunz, Stephen M., Assitant United States Attorney

Lowe, Bruce E., Former Assistant United States Attorney

Murrell, Randolph P., Federal Public Defender

Pesquera, Ricardo R., Counsel to Defendant-Appellant Pro Se

Rhew-Miller, Karen E., Retired Assistant United States Attorney

Sepulveda, Jose Elias, Defendant-Appellant Pro Se

Spivey, Gwendolyn, Former Assistant Federal Public Defender

Vipperman, Lloyd, L., Former Counsel to Defendant-Appellant Pro Se

Walker, Mark E., Chief United States District Court Judge

Williams, Francis Todd, Assistant United States Attorney

Jose Elias Sepulveda,
Pro Se, Reg.#14878-069
Federal Correctional
Complex-Coleman-Medium
Post Office Box 1032
Coleman, Florida 33521-1032

ii.

# TABLE OF CONTENTS

COVER........................................... COVER   PAGE

TITLE PAGE...................................... TITLE

CERTIFICATE OF INTERESTED PERSONS............... i.-ii.

TABLE OF CONTENTS............................... iii.

CERTIFICATE OF CITATIONS & STATUTES............. iv.-vi.

JURISDICTIONAL STATEMENT........................ vii.-viii.

STATEMENT OF THE ISSUES......................... 1

STATEMENT OF THE CASE........................... 2- 4

STATEMENT OF FACTS.............................. 4 - 6

ARGUMENT........................................ 6 - 27

STANDARD OF REVIEW.............................. 6 - 7

CLEAR ERRONEOUS FINDINGS OF FACT A.............. 7 - 26

CLEAR ERRONEOUS FINDINGS OF FACT B.............. 26 - 27

CONCLUSION...................................... 27 - 29

CERTIFICATE OF COMPLIANCE....................... 30

CERTIFICATE OF SERVICE.......................... 31

## CERTIFICATE OF CITATIONS & STATUTES

Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) pp. 6

Alleyne v. United States, ___ U.S. ___ (2013) 13, 15, 16, 17, 28

Argersinger v. Hamlin, 407 U.S. 24, 37 n.5 (1972) pp. 10

Baragona v. Kuwait Gulf Link Transp. Co., 594 F.3d 852, 854 (11th Cir. 2010) pp. 7

Battle v. Liberty Nat'l Life Ins. Co., 974 F.2d 1279 (11th Cir. 1992) pp. vii, 27

Bousley v. United States, 523 U.S. 614, 626 (1998) pp. 22

Briley v. Hidalgo, 980 F.2d 246 (5th Cir. 1883) pp. 26

BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275 (11th Cir. 2008) pp. 6

Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001) pp. 12

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1216-17 (11th Cir. 2009) pp. 6

Clisby v. Jones, 960 F.2d 925 (11th Cir. 1999) pp. 7, 29

Computer Leasco, Inc. v. NTP, Inc., 194 Fed.Appx. 328, 334 (6th Cir. 2006) pp. 12

Dasher v. Stripling, 685 F.2d 385 (Sept.7, 1982(11th Cir.)) pp. 23

EX Parte Bain, 121 U.S. 1, 12-13 (1887) pp. 18, 20

Faretta v. California, 422 U.S. 806 (1975) pp. 23, 28

Fed. Trade Comm'n v. Nat'l Urological Grp., Inc., 785 F.3d 477, 481 (11th Cir. 2015) pp. 6

Gill v. Mecusker, 633 F.3d 1272 (Feb.23, 2011(11th Cir.)) pp. 5, 6, 28

Gonzalez v. Crosby, 545 U.S. 524 (2005) pp. 11, 27

Haines v. Kerner, 404 U.S. 519, 520 (1972) 2, 25

Harrel v. DSC Equip. Leasing Corp., 951 F.2d 1453, 1458 (5th Cir. 1992) pp. 11

Hertz Corporation v. Alamo Rent-A-Car, Inc., 16 F.3d 1126; 1999 U.S.App. LEXIS 5370 (Mar.21, 1994(11th Cir.)) pp. vii., 6

In re Center Wholesale, 759 F.2d 1440, 1447 (9th Cir.1985) pp. vii.

Jackson v. James, 839 F.2d 1513 (Mar.17, 1988(11th Cir.)) pp. 24, 26, 28

Johnson v. Zerbst, 304 U.S. 458, 463, 464 (1938) pp. vii., 10, 24, 26, 28

Radar v. Calburn, 476 F.2d 182, 184 (6th Cir. 1974) pp. 12

Rivers v. Roadway Express, Inc., 511 U.S. 298, 313(1994) pp. 16

Stirone v. United States, 361 U.S. 212, 217 (1960) pp. 18, 20

Strozier v. Newsome, 871 F.2d 995 (April 27, 1989(11th Cir.)) pp. 23, 26, 28

United States v. Beggerly, 524 U.S. 38, 46 (1998) pp. 12

United States v. Benehaley, 281 F.3d 423, 425 (en banc)(4th Cir. 2001) pp. 15

United States v. Brown, 117 F.3d 471 (11th Cir.1997) pp. 20, 21

United States v. Buckland, 289 F.3d 558, 573 (en banc)(9th Cir. 2001) pp. 15

United States v. Butts, 630 F.Supp.1172 (D.M.E 1986) pp. 21

United States v. Cash, 47 F.3d 1083, 1088 (11th Cir. 1995) pp. 24

United States v. Davis, 184 F.3d 366 (4th Cir.1999) pp. 16, 20

United States v. Maldenaldo-Sanchez, 269 F.3d 1250, 1305 (enbanc)(11th Cir.2001) pp. 14

United States v. Meachum, 626 F.2d 503, 510 (5th Cir. 1980) pp. 19

United States v. Pridgeon, 158 U.S. 48, 62 (1894) pp. 19

United States v. Promise, 255 F.3d 150, 187-97 (en banc)(4th Cir. 2001) pp. 15

United States v. Rivera-Corona, 618 F.3d 976, 982 n.5 (9th Cir. 2010) pp. 10

United States   v.   Sepulveda, Case No. 99-2193-cc  / 99-2328-cc - pp. 2

United States v. Vasquez, 271  F.3d 3, 113 (en banc)(3rd Cir. 2001) pp. 15

## STATUTES

Fifth Amendment (U.S. Constitution) pp. 21, 28

Sixth Amendment (U.S. Constitution) pp. 28

60(b) pp. 5, 6, 11, 12

Fed.R.Civ.Proc.60(b)(1),(2),(3),(5), or (6) pp. vii.

Fed.R.Civ.Proc.60(b)(4) pp. vii., viii., 1, 2, 3, 6, 7, 12, 13, 26

Fed.R.Crim.P.32 (PSR Objections) pp. 28

Fed.R.Crim.P.44(a) pp. vii., 8, 9, 10, 28

Fed.R.Civ.Proc.60(d) pp. 12

Fed.R.Civ.Proc.(60)(b)(6) pp. 5, 6

18 U.S.C. §3006A pp. 8, 9, 10, 13

18 U.S.C. §3006A(f) pp. 9, 10, 14, 28

21 U.S.C. §§841(a)(1), (b)(1)(A) pp. vii., 14, 15, 16, 17

21 U.S.C. §§841(b)(1)(A) pp. 19, 20, 21, 22

21 U.S.C. §841 / 846 pp. 2, 14, 16, 17, 19, 20, 21, 22

§864(a)(1(C) pp. 18

§952 / 963 pp. 2, 22

§960(b)(1)(A) pp. 14

28 U.S.C. §1331 pp. vii.

§1655 pp. 12

§2241 pp. 2

21 U.S.C. §2244(b)(3)

28 U.S.C. §2253(c)(2) pp. 3

## JURISDICTIONAL STATEMENT
### (FRAP 28(a)(4)(A)-(D))

(A)   Unlike a Fed.R.Civ.60(b)(1), (2), (3), (5), or (6) that have a time limitation of a year from the date of final judgement is rendered, "[r]easonable time limitation inapplicable to a 60(b)(4)...." See e.g. Hertz Corporation v. Alamo Renta-A-Car, Inc., 16 F.3d 1126; 1994 U.S.App.LEXIS 5370 (11th Cir.Mar.21, 1994); citing Battle v. Liberty Nat'l life ins. Co., 974 F.2d. 1279 (11th Cir.1992)(per curiam), aff'g, 770 F.Supp.1499, 1511-12 (M.D.Ala.1991) "[l]aches inapplicable to a 60(b)(4) challenge, even if made 13 years after judgement....", cert. denied, ___ U.S. ___, 113 S.Ct. 2999, 125 L.Ed.2d 692 (1993). "[A] void judgement cannot acquire validity because of laches...." In re Center Wholesale, 759 F.2d 1440, 1447 (9th Cir.1985)

(B)   This Court has the jurisdiction to hear this case under 28 U.S.C.§1331 because the District Court's order of DISMISSAL of the 60(b)(4) was clearly in error and in conflict with both the applicable Federal Rules of Civil Procedure 60(b)(4) and precedent case law. Battle, 974 F.2d 1279 (11th Cir. 1992). The Appellant's denial of his sixth amendment U.S. Constitutional right during a critical stage of the judicial proceedings (pre-trial, trial and sentencing) renders the judgement void. see e.g. Johnson v. Zerbst, 304 U.S. 458, 463, 464(1938); see also Fed.R.Crim.P.44(a).

(C)   The   Eleventh   Circuit   Rule   32   requires   that
Appellant's   Brief   be   served   and   filed   on   or   before
April   12, 2021.

(D)   On   October   13, 2020   the   District   Court   DISMISSED
the   Appellant's   'Motion   for   Relief   from   Void   and
Defauld   Judgement   Pursuant   to   Federal   Rule   of   Civil
Procedure   60(b)(4),   ECF   No.   3556,   for   lack   of
jurisdiction.   In   the   alternative   DENIED   as   untimely.

## STATEMENT OF THE ISSUES

1.    Whether   the District Court abused it's discretion when it denied the Appellant's 60(b)(4) motion when it's  clear that his fifth and sixth amendment U.S. Constitutional rights are violated?

## STATEMENT OF THE CASE

COME NOW, the Appellant, Jose Elias Sepulveda, files this Appeal, Pro Se against the Judgement of Denial of his rule 60(b)(4) motion issued by the District Court on October 13, 2020 [ECF No. 3556]. The Appellant asks this Court to construe this 'Appellant Brief' liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972)

On August 4, 1998 the Appellant, Jose Elias Sepulveda, without an attorney was the only one in the conspiracy to be acquitted of 3 of the 5 counts he was charged in a 34 count indictment (conspiracy to import controlled substances 21 U.S.C. §952/963 - count 2 and conspiracy to possess / with intent to distribute 21 U.S.C. §841/ 846 - count 3).

On November 1998, the Appellant filed a §2241 Writ of Habeas Corpus for a Denial of Counsel for a federal criminal trial which was denied as moot due to the procedural bar. Appellant had not yet even filed a direct appeal.

On January 29, February 3, 4, 1999 he was sentenced to two life sentences running concurrent.

On December 24, 2002 his conviction was affirmed on Direct Appeal by Circuit J. Black and J. Marcus in a unpublished opinion. See United States v. Sepulveda, Case

2

No. 99-2193-cc/ 99-2328-cc

On January 13, 2003 the petition for rehearing was filed but denied.

On September 16, 2003 a 'Writ of Certiorari' was filed (Case No. 02-10856) and denied October 6, 2003, petition for rehearing was denied December 8, 2003.

On June 30, 2004, the Appellant filed a Pro Se §2255 Motion to Vacate, Set aside or Correct Sentence. He raised eleven issues and never received a full merits review of all his issues by the District Court nor the Eleventh Circuit Court of Appeals: I. Ineffective Assistance of Counsel (self), III. Denial of Constitutional Right to Trial and Due Process, VIII. Ineffective Assistance of Counsel on Direct Appeal, and XI. Denial of Due Process-Specifically, The Increase in Sentence without a Jury Finding of Guilt , via "Enhancements" and Drug Type and Quantity, contrary to Apprendi v. New Jersey and Blakely v. Washington.

On October 7, 2019 the Appellant filed his 'Motion for Relief from Void and Default Judgment' pursuant to Federal Rule of Civil Procedure 60(b)(4) and DISMISSED for lack of jurisdiction. In the alternative DENIED as untimely on Oct. 13, 2020.

On January 13, 2021 the Appellant filed for a 'Certificate of Appealability (28 U.S.C. §2253(c)(2))' and the Appellant

3

was given permission to file the 'Appellant Brief' by April 12, 2021.

## STATEMENT OF FACTS

The Appellant's Counsel was allowed to withdraw from the case by order of the District Court [CrimDE2823], because the Appellant had no means to pay Counsel in full for his services. The District Court failed to appoint Counsel to represent him at pre-trial, trial and sentencing without the proper inquiry on the record to determine whether he was capble of representing himself with a clear understanding of the Federal Rules of Criminal Procedure or the U.S. Sentencing Guidelines.[1] see [CrimDE2865] "[O]RDER] as to JOSE ELIAS SEPULVEDA in 188-cr-01026 denying [2816-1] request for Substitution of Counsel and the Defendant is directed to obtain new counsel or to represent himself in this cause and to advise the court in writing no later than May 3, 1998, a new trial date will be set once the court is informed by the Defendant as to how he plans to proceed...." Counsel was appointed (Gwendolyn Spivey), Assistant Federal Public Defender, Florida Bar No. 0295450 to represent Appellant on Direct Appeal but the inquiry necessary to determine that his comprehension level of the Federal Rules of Criminal Procedure for self-representation was never raised as an issue. See Appellant Brief pp. ii, 15, and 26 Appellant filed a Motion to Vacate, Set aside, or Correct Sentence (28 U.S.C. §2255) raising eleven issues. The District

1. **THE DEFENDANT:** "... But, as you know, I can't write english, and have difficulty;**"THE COURT:** "I didn't know you cannot write in English." [pg.5, lines 4-7] **THE COURT** "... You want to be your own lawyer"? **THE DEFENDANT:** "No, Sir. I don't know anything about the law." [pg.7, lines 12-14]. See appendix A (**TRANSCRIPT OF MOTION HEARING,** December 8, 1997. see [Doc. 2860].

4

Court denied the motion without a full merits review of all the claims raised. see [Doc. 3479, pp. 2, ¶¶2-3]. The Appellant filed a Federal Rules of Civil Procedure 60(b)(6). See [CrimDe3550] The motion was RECOMMENDED that it "[s]hould be SUMMARILY DISMISSED for lack of jurisdiction, in the alternative, it should be DENIED a untimely. 2. A 'Certificate of Appealability' should be DENIED...." See Footnote 2:

> 2. "[I]n his §2255 motion Petitioner also raised the issue that the trial court erred in denying him counsel because he was not fluent in the English language which prejudiced his ability to mount a competent defense. The magistrate judge denied the claim, noting that the trial court specifically found that Petitioner was fluent in English. After reviewing the court record, the magistrate judge stated, '[f]or the most part, [Petitioner]'s pleadings and letters show a mastery not only of English words and phrasing but also the rules of grammar and punctuation which far exceeds that of many native-born litigants (and some attorneys) who appear in this Court. He has also demonstrated a remarkable command of the law and its niceties.' [ECF No. 3479 at 6.] The magistrate judge concluded, "[i]n short, [Petitioner], who has lived in the United States almost all of his life, see PSR, is not a defendant who suffers from an inability to communicate effectively in English, an thus, the Court did not error in denying him appointment of counsel for this reason." (Id.). In his Rule 60(b) motion, Petitioner argues that he was not sufficiently proficient in English to adequately represent himself at trial or to complete a financial affidavit. (See ECF No. 3550 ¶¶67, 75.) To the extent that Petitioner is relying on his lack of fluency in English to support the allegations in his instant motion, the magistrate judge's determination that Petitioner was indeed proficient in English is dispositive...." The Magistrate's Opinion above was far from the facts and record in this case.[3]

More importantly, the appellant concedes that the Rule 60(b)(6) motion was untimely because his attorney mistakenly

---

3. see appendix B, **SWORN AFFIDAVIT** of July 29, 2004, by Richard Wayne Parker: "[M]r. Sepulveda speaks English reasonably well. He is however, not proficient in writing in English and reads English very slowly..." Also, see **SWORN AFFIDAVIT** of Gerald Frank Plunk, of August 1, 2004 and **RECEIPT-ADMINISTRATIVE REMEDY** of January 20, 1998 by Thomas Franklin Woody. And see Footnote 1.

filed it, instead of a Rule 60(b)(4). Thus, the Appellant filed a Rule 60(b)(4) on October 7, 2019. see [ECF No. 3556] which was denied on October 13, 2020. The Appellant now appeals that decision because the record reflects a clear misinterpretation of the facts and that the District Courts denial of the rule 60(b)(4) [CrimDE3561], the Appellant moves this Court to determine whether that ruling is 'an abuse of discretion'.

## ARGUMENT

## STANDARD OF REVIEW

"[W]e generally review a district court's denial of relief under rule 60(b) for an abuse of discretion. BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d. 1271, 1275 (11th Cir.2008); see e.g., Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014)(reviewing a 60(b)(6) ruling for abuse of discretion). "[A] district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner; follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." Fed. Trade Comm'n v. Nat'l Urological Grp., Inc., 785 F.3d 477, 481 (11th Cir.2015)(quoting Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1216-17 (11th Cir. 2009)).

A rule 60(b)(4) ruling receives a more stringent review, however. Because the validity of a judgement or order is a

6

question of law, "[w]e review de novo... a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgement as void [.]" Baragona v. Kuwait Gulf Link Transp. Co., 594 F.3d 852, 854 (11th Cir.2010)(quoting Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001)).

## CLEAR ERRONEOUS
## FINDINGS OF FACT

A. Petitioner's Rule 60(b)(4) motion is an unauthorized successive §2255 motion.

B. Petitioner's Rule 60(b)(4) motion is untimely and improper.

### A.

The law of the case doctrine "...[holds] that a decision rendered in former appeal of a case is binding in a later appeal...." Bryan A. Garner, Editor In Chief, BLACK S LAW DICTIONARY, Abridged Seventh Edition, pp. 716. Specifically, this Circuit's precedent Clisby v. Jones, 960 F.2d 925 (11th Cir.1999) requires that when a claim for relief for §2255 purposes is any allegation of a constitutional violation and separate claims can – and often do – arise out of the same set operative facts. When thus presented, such claims trigger a duty on behalf of a reviewing court to review each claim separately and afford any appropriate relief as either claim has merit.

7

USCA11 Case: 20-14253   Document: 21   Date Filed: 03/29/2021   Page: 18 of 42

I. Intrinsic to the Appellant's §2255 was a charge that the District Court unlawfully deprived him assigned counsel - effectively forcing him to proceed pro se - and that appellate counsel failed to correctly argue the issue.

Specifically, during the entirety of the pretrial, trial, and sentencing proceedings, he continually informed the Court of his desire for assigned counsel; his inability to personally obtain counsel; and of his inability to adequately read an write English, which, in turn, prejudicially affected his ability to navigate the 18 U.S.C. §3006A (i.e., "in forma pauper") process; with the results of this "process" forming the sole basis for the District Court's decision to refuse the Appellant, Mr. Sepulveda assigned counsel.

Under Rule 44, "[a] defendant who is unable to obtain counsel [for reasons financial and non-financial] is entitled to have counsel appointed to represent him at every stage of the proceedings from initial appearance through appeal, unless the defendant waives this right." See Rule 44(a). (Emphasis added).

Importantly, Rule 44 is a restatement of the law governing the Sixth Amendment right to counsel defined in decisions of the United States Supreme Court. See Rule 44, Advisory Committee Notes.

8

The Advisory Committee Notes to Rule 44 State:

"A new rule is provided as substitute for the old to provide for the assignment of counsel to defendants unable to obtain counsel during all stages of the proceeding.

...

Like the original rule the amended rule provides a right to counsel which is broader in two respects than that for which compensation is provided in the Criminal justice Act of 1964: (1) the right extends to petty offenses to be tried in the district courts, and (2) the right extends to defendants unable to obtain counsel for reasons other than financial."

Id. (Emphasis added).

The Appellant, Mr. Sepulveda, (who repeatedly requested an assignment of counsel - and communicated an inability to personally obtain counsel), was therefore entitled an assignment of counsel levied against him in the manner established by 18 U.S.C.§3006A(f).

The Appellant was not afforded this process. Instead, acting under the assumed authority of §3006A, the Court - after declaring him ineligible for "free" counsel - denied the Appellant's request for counsel and tried him for felony offenses absent assuring the presence, ( or valid waiver of), his Sixth Amendment right to counsel; rendering his trial and sentencing process conducted in violation of the Sixth Amendment. [4]

---

[4.] See also, James, supra: "[t]he Criminal Justice Act is simply a congressional plan for furnishing representation to defendants who are financially unable to obtain an adequate defense. Section 3006A does not purport to touch the constitutional right of counsel in all criminal prosecutions." (Emphasis added).

9

Confronted with this claim in Mr. Sepulveda's §2255, the Court dismissed it as a rehash of the §3006A argument confronted on direct appeal.

This was error. [5]

The Appellant Mr. Sepulveda's Section 2255 claim, (i.e., that he was denied his constitutional right to counsel explicated by Rule 44; and that any fees attendant assigned counsel were required to be levied under 18 U.S.C. §3006A(f)), is legally distinguishable from the narrow direct appeal resolved question of whether he was entitled "free" counsel.[6]

Congress understood this distinction and enacted Rule 44 and 18 U.S.C. §3006A(f) in a dual effort to protect a defendant's constitutional right to assigned counsel - for reasons financial and "other than financial" - and any governmental interest in an adequate remedy for extracting funds from a defendant found to possess (at any time) an ability to cover the funds exhausted on assigned counsel.

The claim confronted on direct review was therefore legally distinguishable from the instant claim; entitling the   Appellant

5.   See e.g., Johnson v. Zerbest, 304 U.S. 458 (1938)(holding that a jurisdictional prerequisite to the power of federal courts to deprive an accused of his life or liberty is that the accused be aware of his constitutional right to counsel, and if he so desires, be assigned counsel; and that a federal court which fails to comply with this requirements has not completed its "jurisdiction" and any judgment pronounced by such a court is void). ;6. Cf., United States v. Rivera-Corona, 618 F.3d 976, 982 n.5 (9th Cir.2010)("We also note that a defendant's right to appointed  counsel under Federal Rule of Criminal Procedure 44 includes 'defendants unable to obtain counsel for reasons other than financial.' Argersinger v. Hamlin, 407 U.S.24, 37 n.5 (1972)(quoting 1966 Advisory Committee Note to Fed.Crim.R.44).  Thus,

to have his claim addressed on its independent merit.

In <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005), the Supreme Court made clear that when a motion for relief from final judgment attacks "some defect in the integrity of the habeas proceedings," it is "not a second or successive habeas petition" subject to the restrictions under the AEDPA. ID., 545 U.S. at 532. (Emphasis added).

Accordingly, a motion, like the Appellant's challenges only the district court's failure to address certain claims does not warrant second and successive treatment, and must be ruled upon by the District Court without precertification by the Court of Appeals pursuant to 28 U.S.C. §2244(b)(3).

Additionally, Rule 60(b) is a "grand reservoir of equitable power," (Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1458 (5th Cir. 1992)), and affords this court the almost unfettered discretion "to vacate judgment whenever such action is appropriate to accomplish justice." <u>Gonzalez</u>, supra.

even assuming that Rivera-Corona is ineligible for CJA appointment, the court still may have a duty under Rule 44 to appoint an attorney for him...We need not address these circumstances, however, because there is no indication in the record that such circumstances pertain and, if they were to arise, they should be addressed by the district court in the first instance.").

11

A judgment is generally void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in manner inconsistent with due process of law. Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001).

Federal Rules of Civil Procedure 60(d) further defines the Court's inherent power to grant relief in appropriate situations.

Rule 60(d) expressly provides district courts the power to: (1) entertain an "independent action" to relieve a party form judgment, order, or proceeding; (2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court.

While Rule 60(b) is generally a party's exclusive avenue when seeking relief from a final judgment or order, (United States v. Beggerly, 524 U.S. 38, 46 (1998)), Rule 60(d) provides a "savings clause, preserving the law before its enactment in 1946, that allows judgment to be attacked without regard to the passage of time [.]" Computer Leasco, Inc. v. NTP, Inc., 194 Fed. Appx. 328, 334 (6th Cir. 2006).

Relief through an independent action is available in case "of unusual and exceptional circumstances." Rader v.

12

Claburn, 476 F.2d 182, 184 (6th Cir. 1974).

Intervening Supreme  Court authority, (such  as  <u>Alleyene</u> <u>v. United States</u>, ___ U.S. ___ (2013)), which evidences a  flaw in circuit  precedent identifying the elements of  an offense, and  evidences that  the  defendant  may  have  been subjected to  a  punishment  which  the  law did  not  allow, easily constitutes  an "unusual"  and "exceptional"  circumstance.

The  Appellant,  Mr. Sepulveda's Rule 60(b)(4)  motion  is base  on a  substantial defect in the District  Court's original judgment  and involves the type of  "extraordinary" circumstance which warrants review  anew.

II.  Intrinsic to Appellant's Section 2255 was also  a  claim that the  Court's failure to  assign  counsel for  the  limited purpose of  assisting him in navigating the 18 U.S.C.  §3006A process  -  which constituted  a ' "critical  stage"  of  the proceedings -  resulted in a pretrial denial of  counsel and due process of law; affecting the Appellant's substantial rights  and the integrity  of his pretrial and  trial  process.

As previously stated, the Appellant, Sepulveda continually informed  the  Court  of his inability to adequately read and write  English,  which,  in  turn,  crippled  his  ability  to understand and "properly"  file  the pleadings necessary  for

13

a successful navigation of the Section 3006A process.

Notwithstanding notice of this fundamental handicap, the Court failed to even assign "interim" counsel to assist him unable to do what interim council would have done to ensure the protections of the Sixth Amendment remain meaningful and available for a functionally illiterate, (i.e., language challenged), defendant.

III. Intrinsic to the Appellant's Section 2255 was a charge that drug type and quantity are elements of the offenses defined under 21 U.S.C. §§841(a)(1), (b)(1)(A) and 960(b)(1)(A).[7] This question has caused significant division among circuit justices.[8]

Construing this charge to be a rehash of the Sixth Amendment argument confronted on direct appeal, the District Court summarily dismissed.

This was error.

---

7. The Appellant, a first time non-violent offender, received two life sentences based on "judicial fact-finding" for the drug quantity and type "elements" of the §841 offense he was ultimately "held to answer". 8. See e.g., United States v. Maldenaldo-Sanchez, 269 F.3d 1250, 1305 (en banc)(11th Cir. 2001)(Barkett, Circuit Judge)(Concurring in judgment only; reasoning that beyond the requirements of the Sixth Amendment recognized by the majority lies the fact that drug type and quantity - as a matter of statutory construction - are elements of aggravated variants of 21 U.S.C.

14

A Section 2255 claim predicated on the question of what facts in 21 U.S.C. §841(a)(1), (b)(A) are "elements" of that crime - **as a matter of statutory construction** - involves a question clearly separate and distinct from whether certain constitutional protections were properly afforded an "element".

The canons of statutory construction promulgated in Alleyne v. United States, ___ U.S. ___ (2013), allow for a final, accurate, and uniformed resolution of this matter.

Accordingly, the Court's summary dismissal of this claim was inconsistent with the dictates of due process of law and the Appellant's fundamental right to be heard ; and his §2255 presented a question **not** confronted on direct appeal. (Emphasis added).

(á), As a matter of statutory construction, drug type and quantity are "elements" of the offenses outlined under 21 U.S.C. §841(a)(1), (b)(1)(A) and (B).

In Alleyne, Id., the Supreme Court articulated canons of

---

§841 outlined under §§841(a)(1), (b)(1)(A), (b)(1)(B); accord, United States v. Promise, 255 F.3d 150, 187-97(en banc)(4th Cir.2001)(Diana Motz, Circuit Judge)(concurring in part, dissenting in part, and dissenting in judgment); United States v. Vasquez, 271 F.3d 3, 113(en banc)(3rd Cir.2001)(Becker, Circuit Judge)(dissenting); United States v. Benehaley, 281 F.3d 423, 425 (en banc)(4th Cir. 2001)(Luttig, Circuit Judge(dissenting); United States v. Buckland, 289 F.3d 558, 573 (en banc)(9th Cir.2001)(hug, Circuit Judge)(concurring in part, dissenting in part).

statutory construction which, when applied to §841, prove that drug quantity are "elements" of the separate, aggravated variants of that offense outlined under 21 U.S.C. §841(a)(1), (b)(1)(A) and (B).

Under the canons of statutory construction promulgated in Alleyne, the definition of an "element" necessarily includes not only any fact which increases the "ceiling", [9] but also any fact which increases the "floor".[10] Under this definition, drug type and quantity - which increase both the "ceiling" and the "floor" under §841(b)(1)(A) and (B) - constitute "elements" of those variants of a §841 offense.

Under this retroactive rational,[11] the "elements" of drug type and quantity have **always** been subject to the constitutional requirements and statutory limits attendant every "element" and every "crime". Namely, grand jury indicment, notice, jury trial, and a sentence not inconsistent with the constraints of the specific "crime" charged. See e.g., United States v. Davis, 184 F.3d 366 (4th Cir. 1999).

With respect to the "elements" of drug type and quantity, , the Appellant, Mr. Sepulveda was not afforded these limits and protections. Instead, consistent with the procedure allowed by existing precedent, his grand jury returned an

9. i.e., statutory maximum
10. i.e., mandatory minimum
11. See Rivers v. Roadway Express, Inc., 511 U.S. 298, 313(1994).

16

indictment charging a violation of 21 U.S.C. §846, 841(a)(1), (b)(1)(C), his petite jury returned a verdict consistent with only the same; yet at sentencing he received judgment and punishment under §846, 841(a)(1), (b)(1)(A).

## (b). Continuing effects of this "elemental" defect.

Prior to Alleyne, certain basic principles were clearly and unambiguously established: (1) federal criminal defendants enjoyed a constitutional right under the Fifth Amendment to not be "held to answer" for an infamous offense or otherwise absent being charged in an indictment returned by a federal grand jury; (2) federal district courts possessed the power to act only within the confines of the crime charged in the indictment returned by the grand jury; (3) any sentence imposed outside the parameters of the crime charged in the indictment was per-se reversible; (4) criminal defendants possessed a constitutional right under the Fifth and Sixth Amendments to an indictment which recited every element of the offense; (5) defendants possessed a constitutional right under the Sixth Amendment to jury trial, which required the jury to determine the existence of every element unanimously and under the beyond a reasonable doubt standard; and (6) any waiver, by plea or otherwise, of either of these rights must be knowing, intelligent, and voluntary.

17

When an indictment is not brought by the grand jury, or the indictment brought does not contain the essential elements of an aggravated form of the offense sentenced, there is fundamental error in the judgment and sentencing proceeding.

When challenged, a conviction or sentence based on charges not brought by the grand jury must be pre-se reversed because, unlike most ordinary trial errors, "an indictment found by a grand jury is indispensable to the power of the court to try [the defendant] for the crime with which he was charged." Ex Parte Bain, 121 U.S. 1, 12-13 (1887).

Likewise, a "court cannot permit a defendant to be tried on charges that are not made in the indictment against him." Stirone v. United States, 361 U.S. 212, 217 (1960). The power, or lack thereof, to try a defendant on the specific charges made in the indictment is the essence of a federal district court's criminal jurisdiction.

The Appellant does not contend that the District Court lacked "jurisdiction" over his cause; rather, it is his contention the Court's "authority" to convict and impose sentence were limited by the "offense" charged in the indictment and convicted by the petite jury. [12]

---

12. Namely, a violation of 21 U.S.C. §846(a)(1)(C).

18

The remedy required by the Supreme Court for a sentence imposed beyond the limits of the offense charged in the indictment and convicted is simply a remand for resentencing within the confines of the offense convicted.[13]

Applied here this rule is sound in both practice and logic. In the hands of a federal grand jury lies the power to charge a greater or lesser offense, numerous or a single count: both on the same set of facts. In the hands of the petite jury lies an equal and absolute power.

Thus, even where this overwhelming evidence of a §846, 841(a)(1), (b)(1)(A) offense - in the mind of a court, a grand jury indictment "properly" charging that species of offense - **and** a finding by the petite jury of every element necessary for a violation of that offense - are "indispensable" to the "power" of a federal district court to impose a §846, 841(a)(1), (b)(1)(A) judgment and sentence.

Defects in the grand jury process are not subject to harmless error review. Cf., United States v. Meachum, 626

---

13. See e.g., United States v. Pridgeon, 158 U.S. 48, 62 (1894)("The imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence which may be excess open to attack... The sound rule is that a sentence is legal so far as within provisions of law and void only to the excess.").

19

F.2d 503, 510 (5th Cir. 1980); <u>Bain</u>, <u>Stirone</u>, supra.  Neither
are breaches of the sentencing constraints embodied by the
jury verdict.  Cf., <u>Alleyne</u>; <u>O'Brien</u>; <u>Davis</u>, supra.

Defects in circuit precedent identifying the elements of
an offense also compromise the Sixth Amendment guarantee that
a defendant's defense be mounted with full and meaningful
notice of the specific charge brought against him. [14]

How a defendant prepares to answer the charges brought,
and whether or not he will choose to enter a guilty plea,
is dictated by the contours of both the indictment and case
law construing the charge's elements.

The Appellant, Mr. Sepulveda's, tasked only with
defending a drug crime involving no threshold amount, stood
trial, and in his defense, did not focus or incorporate
into his defense the non-elemental matters of drug type and
quantity.

Laboring under justifiable reliance on erroneous
precedent refusing to recognize drug type and quantity (under
§846, 841(b)(1)(A)) as the "elements" they are, the Appellant
forewent his fundamental right to testify on his own
behalf and take - personally the matters of drug type and

---

14.   Cf., <u>United States v. Brown</u>, 117 F.3d 471(11th Cir.1997).

quantity to the jury.[15]

Had he been correctly informed as to "elements" of the §846, 841(b)(1)(A) offense he was "held to answer" (see generally, United States Constitution, Amendment V), he would have elected to testify on his own behalf and submit his side of the story - regarding, inter alia, drug type and quantity which, if believed by the jury, possessed a reasonable probability - if not a certainty - of changing the outcome of his trial process.[16]

The Appellant, Mr. Sepulveda's waiver of his fundamental rights to testify and present a complete defense cannot be deemed voluntary, knowing, or intelligent.

Moreover, because his justifiable reliance on erroneous precedent caused him to forego several other fundamental rights he would have otherwise exercised, (i.e., streamlined cross-examination of all witnesses and evidence relevant towards the existence of an "agreement" to possess with intent to distribute the threshold drug quantities required for a §846, 841(b)(1)(A) caliber conspiracy), his trial was actually infested with a host of constitutional and prejudicial errors.[17]

---

15. Cf., Brown, supra
16. Cf., United States v. Butts, 630 F.Supp. 1172(D.ME 1986).

21

Because conspiracy, under §§846 and 963, are "specific intent" crimes, this matter is aggravated.

Because the court of appeals took the elements of drug type and quantity in their own hands - and convicted Appellant of an aggravated variant of §846, 841 not charged in the indictment returned by a properly informed grand jury, the entirely of this matter was aggravated.

The court of appeals reasoned that, in their judgment, the evidence was so consistent and overwhelming that the **jury** would have surely convicted him of a §846, 841(b)(1)(A) variant of offense if provided an opportunity.

The problem with this proposition is that the Appellant's **grand jury** - misinformed by circuit precedent as to the true "elements" of a §846, 841(b)(1)(A) offense - failed to provide the Court, the petite jury, or the court of appeals with any opportunity to weigh the sufficiency of the evidence for this "un-indicted" an "untried" offense.

Refusing to recognize drug quantity as an "element" of the type of §846 offense punished, the court of appeals

_____
17. Cf., <u>Bousley v. United States</u>, 523 U.S. 614, 626(1998)(Stevens, J., concurring in part and dissenting)("the fact that all of his advisors acted in good faith reliance on existing precedent does not mitigate the impact of their erroneous advise. Its consequences for the defendant were just as severe, and just as unfair, as if the court and counsel had conspired to deceive him.").

avoided this conundrum.

Refusing to confront the pure question of statutory construction intrinsic to the Appellant, Mr. Sepulveda's 2255, the District Court aggravated the matter.

IV. The District Court never held a hearing to determince if the Appellant was in fact competent and knowledgeable of the Federal Rules of Criminal Procedure to represent himself during trial or at sentencing in violation of his Sixth Amendment right to counsel.

"[T]o proceed pro se, a defendant must knowingly and intelligently waive the right to counsel. To ensure a valid waiver of counsel, a judge should make a "searching or formal" inquiry into both the defendant's understanding of the Sixth Amendment waiver and the defendant's awareness of the disadvantages of self-representation. See **45 GEO.L.J.ANN.REV.CRIM.PROC. 1610-1611(2016);** See e.g. Dasher v. Stirling, 685 F.2d 385 (11th Cir. Sept. 7, 1982) citing Faretta v. California, 422 U.S. 806 (1975) "[T]he district court found the right absent a voluntary waiver was absolute...."; Strozier v. Newsome, 871 F.2d 995 (11th Cir. April 27, 1989); "[T]he court reversed and remanded the case for an evidentiary hearing to develop the record more fully... After an unequival assertion of petitioner's right to proceed pro se, the district court was required to make sure that the accused

23

understood the risks of proceeding pro se...."; <u>Jackson v.</u> <u>James</u>, 839 F.2d 1513 (11th Cir. Mar. 17, 1988) "[T]he court reversed the denial of the petition because petitioner did not make a clear and unequivocal assertion of his right to self-representation; he merely rejected counsel's representation. Moreover, there was no evidence or finding in the record that petitioner understood the disadvantages of self-representation. The matter was remanded so that the petition could be granted and petitioner could receive a new state trial...."; <u>United</u> <u>States v. Cash</u>, 47 F.3d 1083, 1088 (11th Cir. 1995) "[O]n the first day of trial, appellant requested to represent himself. The district court granted the request after a brief lecture discouraging self-representation. Appellant was convicted of all the charges except one. On appeal, the court held that the district court erred in granting appellant's request because the district court failed to question appellant regarding his knowledge of the charges and the potential penalties he faced, nor did it inquire into a appellant's knowledge of courtroom procedures or evidentiary rules...."; <u>Hall v. Moore</u>, 253 F.3d 624, 628 (11th Cir. 2001)"[W]aiver invalid because court did not question defendant about decision to appear without counsel and defendant never clearly declared desire to represent himself...."; <u>Iowa v. Tovar</u>, 541 U.S. 77, 89(2004) "[T]he <u>Tovar</u> Court explained that 'the information a defendant must have to waive counsel intelligently will "depend... upon the particular facts and circumstances surrounding [the] case."' Id. at 92 (quoting <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464 (1938)). "[A]mong

24

the case-specific factors to be considered are 'the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding."; <u>Gill v. Mecusker</u>, 633 F.3d 1272, 1293 (11th Cir.2011)"...[c]ourt should make defendant 'aware of the dangers and disadvantages of self-representation, so that the record will establish he know what he is doing... and his choice is made with eyes open.

Moreover, from the beginning, of the Appellant's trial proceedings and sentencing, he asked the court to appoint him counsel because he didn't have the means to acquire counsel after the district court granted counsel's motion to withdraw. See Footnote 18 infra.

In light of the circumstances, the Appellant, Sepulveda was made to be a pro se litigant without any understanding of how the Federal Rules of Criminal Procedure work. The district court has held him to a higher standard in his pleadings as though he's a lawyer. <u>Haines</u> requires courts to construe his motion liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519 520 (1972); The word construe means - "[T]o

18. **THE DEFENDANT:"** ...[I] would like this Court to give me, or appoint me... Counsel for this sentencing hearing... I have been forced to go Pro Se. I don't wish to be here representing myself today and I wish this Court supply me with counsel... I want to state that I don't want to represent myself, I'm being [f]orced to. See appendix A **TRANSCRIPT OF FIRST DAY OF SENTENCING** January 29, 1999 [pg.4, lines 23-25 and pg.5 lines 1-9]. see (Doc. 3246]. During. Pre-trial; **THE DEFENDANT:** "... [A]nd my English grammar is zero...." See appendix A [Transcript of May 20, 1998, pg.6, lines 24-25 and pg.7, lines 1-2] See [Doc. 2915].

25

analyze and express the meaning of (a sentence or passage)...." See Bryan A. Garner, editor in chief, BLACK'S LAW DICTIONARY ABRIDGED SEVENTH EDITION, pp. 252. The word liberal is an adjective that means "...[n]ot restricted; expansive; tolerant...." Id. at 742

The district court was completely restrictive in construing that the Appellant's Rule 60(b)(4) was a second or successive §2255 when from the face of the record is void of any competency hearing required to determine if the Appellant fully comprehended the Federal Rules of Criminal Procedure before self-representation. Thus, the integrity of the proceedings was violated and a pro se litigant's pleadings must be construed liberally. See Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2015) in Concert with Faretta; Tovar; Dasher; Strozier; Jackson; Cash; Hall; Johnson and Gill warrants this case to be vacated and remanded with instructions as Due Process of law demands as well as the Sixth Amendment guarantee demands by the United States Constitution to the assistance of counsel.

## B.

Among other things, the claim can be raised at anytime when the judgement is void. See e.g. Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130 (11th Cir. 1994) ACCORD Stainsell, 771 F.3d at 737 (11th Cir.2014); Briley v. Hidalgo, 980 F.2d 246 (5th Cir. 1883) "[T]here is no time limit on an

attack on a judgement as void."

The judgement is void when the court had no jurisdiction to impose the sentence or in violation of Appellant's due process rights. Battle v. Liberty Nat'l Life Ins. Co., 770 F.Supp. 1499 (Aug.6, 1991(11th Cir.))

In this instant case the Appellant, Sepulveda on numerous occassions asked the District Court for the assistance of counsel, that he didn't know anything about the law, and that he didn't want to represent himself. See Appendix A (Excerpts of Transcripts) A 'constitutional error' of this magnitude is a reversible error. Gonzalez, 545 U.S. 524, 528 (2005). Thus the federal habeas proceedings lacked integrity. See Willams v. Chatman, 510 F.3d 1290, 1293-94 (11th Cir. 2007) And warrants vacatur of his sentence or a new trial.

## CONCLUSION

It is clear from the record that a violation of Due Process of Law (Fifth Amendment United States Constitution) affecting the Appellant's liberty interests by allowing the integrity of the trial proceedings in both the trial and his sentencing. The record shows that he had no Counsel even to assist him with the informa pauperis application in which the trial court used to deny him the appointed counsel.

27

Furthermore, the law is well rooted in this Circuit in favor of the Appellant in regards to self-representation, see Faretta; Tovar; Dasher; Strozier; Jackson; Cash; Hall; Johnson and Gill supra. The record is completely void of the trial court's inquiry to the full understanding of his interpretation of the law. Even though he has stated he didn't know anything about the law and did not want to represent himself.

Among other things, the drug type and quantity was not charged in the indictment nor was it found by a jury but found by judicial fact-finding. Thus violating both Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) and Alleyne v. United States, 133 U.S., 133 S.Ct. 2151, 2153 (2013).

Simply Put, the Appellant had no intellectual skills to interpret the law and was forced to represent him self in violation of §3006A and Rule 44. He made numerous errors in trial and sentencing. His failure to object under Rule 32 to the judicial fact-finding in the PSR has prejudiced him resulting in a life sentence without the possibility of parole, affecting his liberty (Fifth Amendment) and his right to effective assistance of counsel (Sixth Amendment).

All as stated supra was raised in the Appellant's Habeas Corpus 'Motion to Vacate, Set aside, or Correct Sentence (28 U.S.C. §2255)' but these claims the sentencing court failed to give a full merits review of all these claims; in which, this

28

Circuit has already addressed long before those proceedings. Thus violating known Circuit precedent. See <u>Clisby v. Jones</u>, 960 F.2d 925 (11th Cir. 1999)  Thus undisputedly warrants relief from the judgement as sought.

                              Respectfully Submitted,

                              Jose Elias Sepulveda, Pro Se
                              Register No. 14878-069
                              Federal Correctional Complex
                              Coleman-Medium
                              Post Office Box 1032
                              Coleman, Florida 33521-1032

29

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

Check the appropriate box in section 1, and check the box in section 2.

1.    **Type-Volume**

☐    This document complies with the word limit FRAP 32(a)(7)(B) and (C) because, excluding the parts of the document exempted by FRAP 32(f) and this document contains no more than 14,000 words.

**or**

☒    This brief complies with the line limit of FRAP 32(a)(7)(B)(i), because, excluding the parts of the brief exempted by FRAP 32(f), this brief uses a monospaced typeface and contains   701 lines of text.

2.    **Typeface and Type-Style**

☒    This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

Jose Elias Sepulveda, Pro Se
Register No. 14878-069
Federal Correctional Complex
Coleman-Medium
Post Office Box 1032
Coleman, Florida 33521-1032

Dated:    3-24-2021

30

## CERTIFICATE OF SERVICE

I, Jose Elias Sepulveda, **HEREBY DECLARE,** under the penalties of perjury (28 U.S.C. §1746), that a true and correct copy of the foregoing 'APPELLANT'S BRIEF' has been sent via U.S. Postal service by the hands of the prison authorities, (See prison 'mail box rule.'[19]) on this _24_ day of March, 2021 to the following addresses listed below:


**Clerk of Court**
**Joseph Caruso, GG**
**United States Court of Appeals**
**For the Eleventh Circuity**
**Elbert Parr Tuttle  Court of**
**Appeals Building**
**56 Forsyth Street, N.W.**
**Atlanta, Georgia 30303**

**Robert B. Davies**
**Assistant U.S. Attorney**
**Northern District of Florida**
**21 East Garden Street,**
**Suite 400**
**Pensacola, Florida 32502**


Jose Elias Sepulveda, Pro Se
Register No. 14878-069
Federal Correctional Complex
Coleman-Medium
Post Office Box 1032
Coleman, Florida 33521-1032

FIRMLY TO SEAL





# PRIORITY

## ★ MAIL ★

Jose Elias Sepulveda
Register No. 14878-069
Federal Correctional Complex
Coleman-Medium
Post Office Box 1032
Coleman,   Florida 33521-1032

 **DATE OF DELIVERY SPECIFIED***

 **USPS TRACKING™ INCLUDED***

 **$** **INSURANCE INCLUDED***

 **PICKUP AVAILABLE**

\* Domestic only

**TO:**

UNITED STATES COURT
FOR THE ELEVENTH CIR
CLERK OF THE COURT
ELBERT PARR TUTTLE C
OF APPEALS BUILDING
56 Forsyth Street, N
Atlanta, Georgia 303





U.S. POSTAGE PAID
PM 2-Day
COLEMAN, FL
33521
MAR 25, 21
AMOUNT
**$0.00**
R2305H127076-12

1004        30303

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

CLEARED SECURITY

MAR 2 9 2021

U.S. Marshals Service
Atlanta, Georgia



**USPS TRACKING #**

114 9022 0078 9076 0013 49

Label 400 Jan 2013
7690-16-000-7948

**Legal Flat Rate Envelope**
**EP14L February 2014**
**OD: 15 x 9.5**

# VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE



**UNITED STATES POSTAL SERVICE**