IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

JOSE SEPULVEDA

v.                                                                    ECCA NO. 20-14253-E

UNITED STATES OF AMERICA
_____/

GOVERNMENT'S MOTION FOR SUMMARY
AFFIRMANCE AND TO STAY BRIEFING SCHEDULE

Pursuant to Fed. R. App. P. 27 and 11th Cir. R. 27-1, the United States moves for summary affirmance, without further briefing or other proceedings, of the district court's October 13, 2020, order dismissing, and in the alternative denying, Sepulveda's motion for relief under Fed. R. Civ. P. 60(b)(4). The government requests that the Court stay the briefing schedule pending resolution of this motion. Should this motion be denied, the government requests that the Court allow it to file its responsive brief within 30 days from the date of an order denying this motion.

Pursuant to 11th Cir. R. 26.1-3, this page is followed by a certificate of interested persons, and the text of the motion follows that certificate.

CERTIFICATE OF INTERESTED PERSONS

As required by Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-2, the government states that the following persons have an interest in the outcome of this case:

Butler, Leah Ann, Assistant U.S. Attorney

Canova, Christopher P., Assistant U.S. Attorney

Coody, Jason R., Acting U.S. Attorney

Davies, Robert G., Assistant U.S. Attorney

Deyo, Josephine H., Former Assistant Federal Public Defender, Former Counsel for Defendant/Appellant

Halscott, James T., Former Counsel for Defendant/Appellant

Hankinson, James C., Florida Circuit Judge, Former Assistant U.S. Attorney

Hess, Nancy J., Assistant U.S. Attorney

Jones, Gary R., U.S. Magistrate Judge

Kunz, Stephen M., Assistant U.S. Attorney

Lowe, Bruce E., Former Assistant U.S. Attorney

Murrell, Randolph P., Federal Public Defender, Former Counsel for Defendant/Appellant

Pesquera, Ricardo R., Former Counsel for Defendant/Appellant

Rhew-Miller, Karen, Former Assistant U.S. Attorney

Sepulveda, Jose, Defendant/Appellant

Spivey, Gwendolyn, Former Assistant Federal Public Defender, Former Counsel for Defendant/Appellant

Vipperman, Jr., Lloyd L., Former Counsel for Defendant/Appellant

Walker, Mark E., U.S. District Judge

Williams, F.T., Assistant U.S. Attorney

TEXT OF MOTION

I.     FACTS[1]

Subsequent to an indictment by a grand jury, and a finding of guilt on Counts Two and Three by a petit jury, in 1999 the district court adjudged Sepulveda guilty of (Count Two) conspiracy to import controlled substances, in violation of 21 U.S.C. §§ 952, 960(b)(1)(A), and 963, and (Count Three) conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  (Doc. 1843 - Pgs. 2-4; Doc. 2935; Doc. 3022-1 - Pg. 1).  The district court also adjudged Sepulveda guilty of five counts of Contempt of Court in violation of 18 U.S.C. § 401.  (Doc. 3022-1 - Pg. 1).

The district court sentenced Sepulveda to concurrent terms of life imprisonment on Counts Two and Three.  (Doc. 3022-1 - Pg. 2).  The district court sentenced Sepulveda to six-month terms of imprisonment on his contempt of court convictions, with those sentences running concurrent with each other and consecutive to the sentences on Counts Two and Three.  (Id.).  This Court affirmed the district court's judgment and sentence on direct appeal.  (Doc. 3321).

---

[1] The facts of this case are set forth in more detail at Doc. 3321 - Pgs. 3-10, that is, pages 2-9 of the Court's December 24, 2002, opinion affirming the district court's judgment and sentence on direct appeal.  The facts of this case are also set forth in detail at Doc. 3354-2 - Pgs. 2-21, that is, pages 3-22 of the government's brief regarding Sepulveda's direct appeal in this case.  This motion for summary affirmance sets forth all the relevant facts that the government submits are necessary for the Court to resolve this motion.

Sepulveda was a leader/organizer of a large drug importation and distribution organization which began in the late 1970s, which imported large quantities of marijuana and cocaine into the United States. (Presentence Investigation Report ("PSR"), ¶¶ 38-40; Doc. 3022-1 - Pg. 7). Sepulveda was responsible for at least 10,251 kilograms of marijuana and 206 kilograms of cocaine. (PSR, ¶ 69; Doc. 3022-1 - Pg. 7). Sepulveda's total offense level was 46, his criminal history category was I, and his Guidelines range was life imprisonment. (PSR, ¶¶ 69-80, 108; Doc. 3022-1 - Pg. 7).

On direct appeal, among other things, the Court held (1) the district court properly declined to appoint Sepulveda counsel and the district court did not violate Sepulveda's Sixth Amendment right to counsel or 18 U.S.C. § 3006A, and (2) because the petit jury did not determine the drug quantity for which Sepulveda was responsible, error had occurred under Apprendi v. New Jersey, 530 U.S. 466 (2000); however, the Apprendi error was harmless. (Doc. 3321 - Pgs. 3-4, 10-13, 17-21) (a copy of the Court's opinion on direct appeal, Doc. 3321, is attached to this motion).

In 2004, Sepulveda filed a 28 U.S.C. § 2255 motion. (Doc. 3336). A United States Magistrate Judge ("the magistrate court") recommended that the district court deny Sepulveda's § 2255 motion, and the district court adopted the R&R and did so. (Doc. 3479; Doc. 3414; Doc. 3415). Among other things, the district court

denied Sepulveda's claims that he was entitled to relief because (1) the district court improperly declined to appoint counsel to represent him, and (2) he was improperly sentenced under Apprendi. (Doc. 3479 - Pgs. 5-7, 10-11; Doc. 3514 - Pgs. 1-3). Sepulveda appealed the district court's denial of his § 2255 motion. (Doc. 3516). Both the district court and this Court denied Sepulveda's motion for a certificate of appealability. (Doc. 3521; Doc. 3534).

In October 2019, Sepulveda filed a motion for relief under Fed. R. Civ. P. 60(b)(4). (Doc. 3556). In his Rule 60(b)(4) motion Sepulveda claimed his convictions in this case were invalid because the district court improperly declined to appoint counsel for him in this case. (Doc. 3556 - Pgs. 1-33). Sepulveda also claimed he was entitled to relief because on direct appeal this Court incorrectly rejected his claim that the district court improperly declined to appoint counsel for him in this case. (Doc. 3556 - Pgs. 24-25). The magistrate court recommended that the district court dismiss, or in the alternative deny, Sepulveda's Rule 60(b)(4) motion. (Doc. 3560) (a copy of the magistrate court's R&R, Doc. 3560, is attached to this motion). The magistrate court recommended that the district court dismiss Sepulveda's motion for lack of jurisdiction because it attacked the district court's criminal judgment against Sepulveda on the merits and this Court had not authorized Sepulveda to file a successive 28 U.S.C. § 2255 petition. (Doc. 3560 - Pgs. 5-8). In the alternative, the magistrate court recommended that the district

court deny Sepulveda's motion for two reasons: (1) it was untimely, and (2) it was an improper attempt to relitigate a Sixth Amendment right to counsel claim that Sepulveda had previously raised, and lost, in this case. (Doc. 3560 - Pgs. 8-10). On October 13, 2020, the district court adopted the magistrate court's R&R, dismissed Sepulveda's Rule 60(b)(4) motion for lack of jurisdiction, and in the alternative denied Sepulveda's Rule 60(b)(4) motion as untimely. (Doc. 3562). Sepulveda timely appealed and is incarcerated. (Doc. 3564; Doc. 3022-1 - Pg. 2).

II. LAW AND ARGUMENT.

A. Introduction.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transport, Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969). For the reasons set forth below, there can be no substantial question as to the outcome of this case, and this Court should summarily affirm the district court's October 13, 2020, order dismissing, and in the alternative denying, Sepulveda's motion for relief under Fed. R. Civ. P. 60(b)(4).

7

B.    The district court lacked jurisdiction to entertain Sepulveda's Rule 60(b)(4) motion.

This Court reviews "de novo questions concerning the jurisdiction of the district court." United States v. Phillips, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010); accord Holland v. Florida, Secretary Department of Corrections, 941 F.3d 1285, 1287 (11th Cir. 2019) (per curiam).

Absent a situation where this Court has authorized a second or successive § 2255 petition, a district court lacks jurisdiction to entertain a Fed. R. Civ. P. 60(b) motion that attacks the substance of a district court's resolution of a claim on the merits (as opposed to a defect in the integrity of habeas proceedings). Gonzalez v. Crosby, 545 U.S. 524, 530-33, 538 (2005); see also Serrano v. United States, 411 F. App'x. 253, 255 (11th Cir. 2011) (per curiam) (holding that even if the defendant's Rule 60(b) motion was construed as a challenge to the denial of his § 2255 petition, it would be due to be dismissed for lack of jurisdiction as successive since it attacked the resolution of his speedy trial claim on the merits); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curiam) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case.").

Sepulveda's Rule 60(b)(4) motion attacked the district court's judgment that was affirmed on direct appeal on the merits. (Doc. 3556; Doc. 3321). In this current appeal, in additional to raising his claim that the district court improperly declined to appoint counsel for him, Sepulveda also argues his sentence should be

8

vacated because drug type and quantity are elements of his offenses of conviction. (Sepulveda's brief, pgs. 14-23, 27-29). Even if Sepulveda had made such a claim to the district court in his Rule 60(b)(4) motion, that would have been an attack on the district court's sentence that was affirmed on direct appeal. (Doc. 3321). This Court has not authorized Sepulveda filing a second or successive § 2255 petition. Because Sepulveda attacked his underlying criminal judgment, and this Court has not authorized a second or successive § 2255 motion, the district court properly adopted the magistrate court's R&R and dismissed Sepulveda's Rule 60(b)(4) motion for lack of jurisdiction.

    C.    <u>Sepulveda's Rule 60(b)(4) motion was untimely</u>.

This Court reviews the denial of a Fed. R. Civ. P. 60(b) motion for abuse of discretion. <u>Holland</u>, 941 F.3d at 1288. Sepulveda was convicted in 1999, and he did not file his Rule 60(b)(4) motion until 2019. (Doc. 3022-1; Doc. 3556). The district court properly adopted the magistrate court's R&R and denied Sepulveda's Rule 60(b)(4) motion because it was untimely. See <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 275-76 (2010); <u>Saldana v. United States</u>, 797 F. App'x 420, 422 (11th Cir. 2019) (<u>per</u> <u>curiam</u>); <u>Stansell v. Revolutionary Armed Forces of Colombia</u>, 771 F.3d 713, 737 (11th Cir. 2014).

D.   Sepulveda's Rule 60(b)(4) motion was barred under the law-of-the-case doctrine.[2]

Assuming for the sake of argument that the district court had jurisdiction to entertain Sepulveda's Rule 60(b)(4) motion, the motion was due to be denied under the law-of-the-case doctrine. (Doc. 3321; Doc. 3479; Doc. 3514). See Schaivo ex rel. Schindler v. Schaivo, 403 F.3d 1289, 1291-92 (11th Cir. 2005) (per curiam); United States v. Escobar-Urrego, 110 F.3d 1556, 1560-61 (11th Cir. 1997); see also Marques v. JP Morgan Chase, N.A., 805 F. App'x 668, 671 (11th Cir. 2020) (per curiam) (affirming the district court's denial of a Rule 60(b)(4) motion that "merely repackages arguments that have previously been addressed."). For this additional reason, the Court should affirm the district court's order denying Sepulveda's Rule 60(b)(4) motion.

---

[2] This Court "may affirm for any reason supported by the record, even if not relied upon by the district court." United States v. Hall, 714 F.3d 1270, 1271 (11th Cir. 2013); accord United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008) (per curiam).

For all the above reasons, the Court should summarily affirm the district court's October 13, 2020, order dismissing, and in the alternative denying, Sepulveda's motion for relief under Fed. R. Civ. P. 60(b)(4).

Respectfully submitted,

JASON R. COODY
Acting United States Attorney

/s Robert G. Davies
ROBERT G. DAVIES
Assistant U.S. Attorney
Northern District of Florida
Florida Bar No. 704301
21 East Garden Street, Suite 400
Pensacola, FL 32502
(850) 444-4000
robert.davies@usdoj.gov

## CERTICATE OF COMPLIANCE WITH F.R.A.P. 27(d)(2)

I certify that this motion complies with the length limit set forth in F.R.A.P. 27(d)(2). This motion contains 2,108 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been mailed to Jose Sepulveda, Register No. 14878-069, Federal Correctional Complex, Coleman-Medium, P.O. Box 1032, Coleman, FL 33521-1032 this the 12th day of April, 2021.

/s Robert G. Davies
ROBERT G. DAVIES
Assistant U.S. Attorney